IN RE ADOPTION OF CARNES (SANDER).

(No. 1216—Decided February 3, 1983.)

*Mr. Craig M. Stephens,* for appellee Thomas Carnes.

*Mr. Anthony A. Cox,* for appellant Richard Sander.

COOK, J. This is an appeal from a final decree of adoption entered on the petition of Thomas Joseph Carnes, appellee herein, for the adoption of Richard Kenneth Sander, age nine, in the Portage County Probate Court.

The natural parents of the child are Ruth Carnes, wife of the petitioner, and Richard Sander, appellant herein and the former husband of Ruth Carnes. Ruth Carnes and appellant were married in 1967 and their son, Richard Kenneth Sander, was born on June 1, 1972. The Sanders were divorced in 1974 and Mrs. Sander, n.k.a. Ruth Carnes, was given custody of the child and appellant was ordered to pay $40 per week child support plus medical expenses.

At the time of the filing of the petition for adoption of Richard Kenneth Sander, appellant's last support payment had been made on May 6, 1980, at which time

he paid $808 which was credited to an existing arrearage. In his petition, filed June 2, 1981, appellee alleged appellant had failed to support the child for at least one year without justifiable cause. Appellant denied the lack of support allegation and a hearing was held on December 17, 1981.

At the conclusion of the hearing, the trial court found appellant had failed, without justifiable cause, to provide for the support of Richard Kenneth Sander for more than one year preceding the filing of appellee's petition and that his consent to the adoption of said child was therefore unnecessary pursuant to R.C. 3107.07(A). The court further found that the child's adoption by appellee would be in the best interests of the child and entered a final decree of adoption.

Appellant has appealed the judgment of the trial court, and has filed the following assignments of error: * * *■

"III. The trial court committed prejudicial error in overruling appellant's motion for appointment of a guardian ad litem.

"IV. The judgment of the trial court that the adoption is in the best interest of the minor child is not sustained by the weight of the evidence and is contrary to law."

Appellant contends the trial court erred in not appointing a guardian ad litem for Richard Kenneth Sander in the instant cause, as requested by appellant. He argues a guardian ad litem for the minor child was required by R.C. 2111.23 and Civ. R. 17.

R.C. 2111.23, in pertinent part, reads:
"* * * Whenever a minor or other person under legal disability, for whom no guardian of the estate or of the person and estate has been appointed, is interested in any suit or proceeding in such court, the court may appoint a guardian or a guardian ad litem. In a suit or proceeding in which the guardian has an adverse interest, the court shall appoint a guardian ad litem to represent such minor or other person under legal disability."

Civ. R. 17(B) reads:
"Minors or incompetent persons. Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. Subject to subdivision (C) of this rule, if a minor or incompetent person does not have a duly appointed representative he may sue by his next friend or defend by a guardian ad litem. When a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person."

Turning first to the cited provisions of R.C. 2111.23, we conclude said statute is not authority for appellant's contention that the trial court, in the instant cause, was required to appoint a guardian ad litem for Richard Kenneth Sander. The statute provides that if a minor, "for whom no guardian of the estate or of the person and estate has been appointed," is interested in any suit or proceeding, the court *may* appoint a guardian ad litem. The statute goes on to provide that where there has been such a guardian appointed for a minor and the guardian has an interest in the proceedings, which is adverse to the interest of his ward, "the court *shall* appoint a guardian ad litem to represent such minor * * *." (Emphasis added.)

In the instant cause, no guardian of the estate or of the person and estate of Richard Kenneth Sander had "been appointed." Therefore, pursuant to the statute, the court could have appointed a guardian ad litem because of the interest of the child. Since no guardian had been appointed for said minor, obviously, the second provision of the statute was not applicable to the present cause because

there was no appointed guardian who could have had an interest adverse to the interest of the minor.

Although Ruth Carnes and appellant were the "natural guardians" of the child, they were not "appointed guardians" within the meaning of R.C. 2111.23. The fact that the two natural guardians had adverse interests as to the child's future does not bring this cause within the meaning of said statute. The "adverse interest" referred to in the statute is an interest of the appointed guardian adverse to the interest of the minor. Such an adverse interest is not present in the instant cause.

Turning now to Civ. R. 17(B), it is obvious said rule has reference to situations in which a minor or incompetent person brings suit or is sued by someone else. The rule provides that where the minor or incompetent has a "guardian or other like fiduciary" such a representative may sue or defend on behalf of the minor or incompetent person. If the minor or incompetent person has no such duly appointed representative, he may sue by his next friend or defend by a guardian ad litem. Civ. R. 17(B) concludes with a provision to the effect that, where a minor or incompetent person is not represented in an action, the court shall appoint a guardian ad litem for such person.

In the instant cause, Richard Kenneth Sander was not a party in the adoption proceedings. Therefore, no guardian ad litem was required to be appointed for him pursuant to Civ. R. 17(B).

The interest of the child in an adoption is protected by the appointment by the court, pursuant to R.C. 3107.12(A) of an agency or person "to inquire into the conditions and antecedents of the person sought to be adopted and of the petitioner, for the purpose of ascertaining whether the adoptive home is a suitable home for the minor and whether the proposed adoption is in the best interest of the minor."

Such an investigation was made in the instant cause by one John Tercek who submitted a report recommending the adoption. His report set forth the conditions and antecedents of the minor and the petitioner and determined the adoptive home was a suitable home for the minor and that the proposed adoption was in the best interests of the minor.

We conclude the trial court did not err in not appointing a guardian ad litem for the minor child and the court's finding that the adoption was in the child's best interests was not against the weight of the evidence.

Judgment affirmed.

*Judgment affirmed.*

DAHLING, J., concurs.

HOFSTETTER, P.J., dissents.

HOFSTETTER, P.J., dissenting. I respectfully dissent from the majority opinion for the basic reasons expressed in the majority opinion of a comparable probate court action in *In re Legitimization of Ludden* (May 28, 1982), Trumbull App. No. 2955, unreported.

As in that case, the proceedings at issue fall within the jurisdiction of the Probate Court. R.C. 2111.23 states, in pertinent part:

"* * * In a suit or proceeding in which the guardian has an adverse interest, the court *shall* appoint a guardian ad litem to represent such minor or other person under legal disability." (Emphasis added.)

The significance of R.C. 2111.23 quoted above is emphasized by the following from Civ. R. 17(B), which, in pertinent part, states:

"* * * When a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or make such other order as it deems proper for the protection of such minor or incompetent person."

It is apparent, from the proceeding below, that the interests of the natural

father and the natural mother are adverse. It follows then that, where the natural mother has custody of the child, her interests also are adverse.

The majority then makes a distinction between the rights of a child who has a natural guardian and a child for whom a guardian is appointed as if there should be a distinction in the rights accorded them on that premise.

The pertinent part of R.C. 2111.23, as well as Civ. R. 17(B), is that which is applicable here regardless of whether the guardian is the natural one, or the one appointed.

The rights of a child, *i.e.*, the "best interest of the child," should be paramount. The appointment of a guardian ad litem would not only assist the court in the protection of the child from the "adverse" interests that are so pronounced in adoption proceedings, it would give the child standing to protect his interests on appeal. As it stands, there was a total inability on the part of the child to have a meaningful voice in the trial proceedings, along with the concomitant denial of the right to appeal because he was not a party below.

The majority's narrow interpretation of the statute and rule, being totally contrary to its avowed purpose of protecting the child's best interests, is completely foreign, in my opinion, to the exercise of protective jurisprudence as contemplated by the rule and statute.

I would reverse the trial court's order and remand the cause for further proceedings so that the child, too, may have his day in court.