OPINION
{¶ 1} Appellant, Jennifer Lee Stuntz, appeals the July 6, 2004 judgment entered by the Portage County Court of Common Pleas, Probate Division.
 {¶ 2} In a prior proceeding, the trial court determined that appellant's consent was not necessary for the adoption of her daughter, Jewels Marie Haylett ("Jewels"). Thereafter, the trial court granted the petition for adoption filed by Lisa Haylett ("Lisa"), Jewels' stepmother. Appellant appealed these judgments to this court. This court affirmed the trial court's judgment finding that appellant's consent to the adoption was not necessary. However, this court reversed the judgment granting the adoption and remanded the matter to the trial court to comply with R.C.3107.161(B). In re Adoption of Haylett, 11th Dist. Nos. 2003-P-0093 and 2003-P-0103, 2004-Ohio-2306.
 {¶ 3} On remand, the trial court granted Lisa's petition for adoption. It is from this judgment that appellant has instituted the instant appeal.
 {¶ 4} A more detailed version of the facts of this matter is set forth in this court's previous opinion. Id. at ¶ 2-15. The following is a brief synopsis. Jewels is the daughter of appellant and Shawn A. Haylett ("Shawn"). Shawn and appellant were never married. Jewels was born in 1995. Jewels remained with appellant until she was four-and-a-half years old.
 {¶ 5} In April 2000, appellant informed Shawn that she was leaving the state and could not take care of Jewels. Shortly after appellant left, Shawn was granted custody of Jewels. In April 2001, Shawn filed a motion to change Jewels' name from Jewels Marie Stuntz to Jewels Marie Haylett. This motion was granted. In July 2001, Shawn married Lisa in South Africa.
 {¶ 6} By her own admission, drugs played a major role in appellant's life during the time she was out of state. However, in April 2002, appellant returned to Ohio and sought treatment for her drug addiction. At the time of the hearings in the summer of 2003, appellant had been sober for over one year.
 {¶ 7} In November 2002, appellant filed a motion for visitation of Jewels. Shawn testified that he received a copy of the motion on November 24, 2002. On December 5, 2002, Lisa filed a petition to adopt Jewels. Shawn consented to this adoption. Appellant did not consent to the adoption.
 {¶ 8}
An "adoption homestudy report" was completed pursuant to R.C. 3107.12. This report referenced interviews with Lisa and Jewels. The report recommended adoption and indicated Jewels was "happy to be adopted." The report is part of the trial court record.
 {¶ 9} The trial court held separate hearings to determine if Jennifer's consent was necessary for the adoption and, then, to determine if the adoption was in Jewels' best interest. The trial court found that appellant's consent to the adoption was not required and that the adoption was in Jewels' best interest. On appeal, this court affirmed the judgment regarding consent, but reversed the judgment regarding the best interest determination, because the trial court did not list its reasons for granting the adoption pursuant to R.C. 3107.161(B).
 {¶ 10} On remand, the trial court granted Lisa's petition for adoption. The trial court again found that the adoption was in Jewels' best interest. Appellant appealed this judgment. While this appeal was pending, appellant filed a Civ.R. 60 motion for relief from judgment with the trial court. This court remanded the matter to allow the trial court to rule on the motion for relief from judgment. The trial court held a hearing on the matter. Thereafter, the trial court denied appellant's motion for a relief from judgment. After this matter was returned to this court's jurisdiction, the parties were permitted to file supplemental briefs on the issue of the Civ.R. 60 hearing.
 {¶ 11} Jennifer raises the following assignments of error:
 {¶ 12} "[1.] The trial court erred in failing to appoint a guardian ad litem for Jewels Marie Haylett.
 {¶ 13} "[2.] The trial court erred in determining that it is in the best interest of the child that the adoption petition be granted.
 {¶ 14} "[3. supplemental] The trial court erred in denying appellant's motion for relief from judgment."
 {¶ 15} On July 18, 2003, appellant filed a motion to appoint a guardian ad litem for Jewels. The trial court denied this motion, citingIn re Adoption of Carnes (1983), 8 Ohio App.3d 435. In Carnes, this court held that a trial court is not required to appoint a guardian ad litem for the child in an adoption proceeding. Id.
 {¶ 16} Lisa asserts appellant is barred from raising this issue at this time because she did not raise it in the initial appeal. While she did not raise it in her appellate brief, appellant did raise this issue to this court in the prior action, at the oral argument held on March 23, 2004. However, since it was not raised in her brief and the matter was remanded due to the trial court's failure to make findings pursuant to R.C. 3107.161, this court did not conduct an analysis of this issue in the first opinion. Although res judicata could be raised as to this issue, we elect not to apply it in this case.
 {¶ 17} We observe that, ultimately, the affected party of the trial court's decision is Jewels. "The doctrine of res judicata should not be permitted to encroach upon fundamental rights and to deny parties their day in court." Teagle v. Lint (Apr. 15, 1998), 9th Dist. No. 18425, 1998 Ohio App. LEXIS 1560, at 9, citing Whitehead v. Genl. Tel. Co. (1969),20 Ohio St.2d 108, 116.
 {¶ 18} Accordingly, we will address the merits of appellant's first assignment of error.
 {¶ 19} The decision of whether to appoint a guardian ad litem in an adoption proceeding is left to the discretion of the trial court. It is our position that the applicable standard of review is abuse of discretion. See In re Spradlin (2000), 140 Ohio App.3d 402, 407. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} Subsequent to the Carnes holding, the Fourth Appellate District visited this issue. In re Adoption of Howell (1991), 77 Ohio App.3d 80. Based upon the facts of that case, the court held that the child was entitled to a guardian ad litem. Id. Appellant relies on the Howell case in support of her argument.
 {¶ 21} We follow the ultimate holding in Carnes, that a trial court is not required to appoint a guardian ad litem for the child in every adoption proceeding. In addition, we note the Fourth District's holding in Howell that it is "imperative that the court examine a motion for appointment of a guardian ad litem in light of the facts of each case." Inre Adoption of Howell, 77 Ohio App.3d at 91.
 {¶ 22} In Carnes, this court sought guidance from R.C. 2111.23. This section provides that the court shall appoint a guardian ad litem for a child when that child's guardian of the person has an adverse interest to the child. The Carnes Court reasoned that since the child did not have an appointed guardian of the person but, rather, a parent acting as his natural guardian, there was no conflict between an appointed guardian of the person and the child. In re Adoption of Carnes, 8 Ohio App.3d at 437. Thus, the child was not entitled to a guardian ad litem. We note theCarnes case, similar to the case sub judice, involved a step-parent adoption, with the non-custodial parent objecting.
 {¶ 23} The Howell Court noted that Ohio Law provides for the appointment of a guardian ad litem for children in permanent custody cases where there may be a conflict of interest. In re Adoption of Howell,77 Ohio App.3d at 91-92. However, the court acknowledged that the adoption statute does not require the appointment of a guardian ad litem. As such, the Fourth District held that the decision of whether to appoint a guardian ad litem in an adoption proceeding must be made on a case by case basis. Id. at 91.
 {¶ 24} The Carnes Court also addressed the implications of Civ.R. 17(B), which provides, in part, "[w]hen a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person." In Carnes, this court held that Civ.R. 17(B) does not apply to adoption cases because the child is not a party. In re Adoption of Carnes, 8 Ohio App.3d at 437.
 {¶ 25} Finally, the Carnes Court held that R.C. 3107.12(A) adequately protected the interests of the child. Id. This section requires an assessment of the child and the petitioner to determine if the adoption is in the child's best interest. In this matter, an assessment was performed, and the report was made part of the record. This report indicates the assessor interviewed Lisa and Jewels regarding the adoption.
 {¶ 26} It is this court's position that the issue of requiring the appointment of a guardian ad litem in an adoption proceeding is a matter that lies within the purview of the General Assembly. In other areas, the legislature has determined that an appointment of a guardian ad litem is necessary. However, regarding adoption proceedings, the legislature has not mandated the appointment of a guardian ad litem.
 {¶ 27} The trial court did not abuse its discretion by failing to appoint a guardian ad litem for Jewels.
 {¶ 28} Appellant's first assignment of error is without merit.
 {¶ 29} In her second assignment of error, appellant contends the trial court erred in making its best interest determination.
 {¶ 30} A determination regarding the best interest of the child in an adoption matter is left to the discretion of the trial court. In reAdoption of Tucker, 11th Dist. No. 2002-T-0154, 2003-Ohio-1212, at ¶ 10, citing In re Adoption of Charles B (1990), 50 Ohio St.3d 88, 90. Thus, a reviewing court reviews the trial court's decision to determine if the court abused its discretion. In re Adoption of Charles B,50 Ohio St.3d at 90.
 {¶ 31} This court remanded the matter to the trial court to comply with R.C. 3107.161, which provides, in part:
 {¶ 32} "(B) When a court makes a determination in a contested adoption concerning the best interest of a child, the court shall consider all relevant factors including, but not limited to, all of the following:
 {¶ 33} "(1) The least detrimental available alternative for safeguarding the child's growth and development;
 {¶ 34} "(2) The age and health of the child at the time the best interest determination is made and, if applicable, at the time the child was removed from the home;
 {¶ 35} "(3) The wishes of the child in any case in which the child's age and maturity makes this feasible;
 {¶ 36} "(4) The duration of the separation of the child from a parent;
 {¶ 37} "(5) Whether the child will be able to enter into a more stable and permanent family relationship, taking into account the conditions of the child's current placement, the likelihood of future placements, and the results of prior placements;
 {¶ 38} "(6) The likelihood of safe reunification with a parent within a reasonable period of time;
 {¶ 39} "(7) The importance of providing permanency, stability, and continuity of relationships for the child;
 {¶ 40} "(8) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 41} "(9) The child's adjustment to the child's current home, school, and community;
 {¶ 42} "(10) The mental and physical health of all persons involved in the situation;
 {¶ 43} "(11) [not applicable.]"
 {¶ 44} Although the trial court is required to consider all of these factors, the court is not mandated to list each factor in its judgment entry. In re Adoption of Tucker, at ¶ 14. In its judgment entry following the remand, the trial court states that it considered the factors in R.C. 3107.161. In addition, although the statutory factors are not individually referenced, the trial court's judgment entry makes findings that correspond to the majority of the factors in R.C. 3107.161.
 {¶ 45} The trial court's findings sufficiently support its judgment granting the petition for adoption. Specifically, the following factors of R.C. 3107.161(B) support the trial court's judgment. The trial court found that Jewels had been out of appellant's custody for two-and-one-half years at the time of the best interest hearing; Jewels was well adjusted to her home, school, and community; and Lisa was best able to provide a safe, stable environment for Jewels.
 {¶ 46} We acknowledge that appellant presented significant evidence regarding her progress in treatment for her drug and alcohol addiction. R.C. 3107.161(B)(10) requires the trial court to consider the physical and mental health of the individuals involved. In relation to this factor, the trial court noted appellant's progress in her treatment. However, the trial court also found that her potential for a relapse was a concern.
 {¶ 47} The trial court's judgment entry indicates the court thoroughly considered the evidence in light of the applicable statutory factors. The trial court did not abuse its discretion when it concluded that granting the petition for adoption was in Jewels' best interest.
 {¶ 48} Appellant's second assignment of error is without merit.
 {¶ 49} In her third assignment of error, appellant asserts the trial court erred by denying her motion for relief from judgment.
 {¶ 50} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion." Bank One, NA v. SKRL Tool and Die, Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 15. (Citations omitted.) See, also, GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 150.
 {¶ 51} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries, supra, at paragraph two of the syllabus.
 {¶ 52} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 53} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)."
 {¶ 54} Appellant sought relief from judgment based on newly discovered evidence, pursuant to Civ.R. 60(B). Based on the evidence and arguments at the best interest hearing, it is apparent that there is a collateral action regarding visitation of Jewels by appellant in the Portage County Juvenile Court. In support of her Civ.R. 60 motion, appellant submitted a transcript of testimony of Carol Miller, a social worker, in the juvenile case. Appellant argued the transcript demonstrated Shawn's unwillingness to comply with the parameters of the court-ordered visitation.
 {¶ 55} Appellant claims the trial court made comments at the best interest hearing that demonstrate the trial court relied on the continuing visitation between appellant and Jewels when it issued its judgment. After reviewing the transcript from the best interest hearing, we note the trial court did mention visitation at the close of evidence. However, the trial court was informing the parties that visitation could occur, at the parents' discretion, even if the adoption was granted. Appellant argues that the trial court relied on the fact that visitation was ongoing in issuing its judgment. We disagree. If the trial court determined that it was in Jewels' best interest to ensure that visitation continued, it would not have granted the adoption petition.
 {¶ 56} The trial court ruled this was a collateral matter and concluded the subject matter of the proffered testimony was not relied on in making the best interest determination. Thus, the trial court determined the proposed newly discovered evidence was not grounds for relief from judgment.
 {¶ 57} The trial court did not abuse its discretion when it denied appellant's motion for relief from judgment. Appellant's third assignment of error is without merit.
 {¶ 58} The judgment of the trial court is affirmed.
Grendell, J., concurs, O'Neill, J., dissents with Dissenting Opinion.