OPINION
¶ 1} In this accelerated calendar case, appellant, Mary Jo Munnings, appeals the judgment entered by the Geauga County Court of Common Pleas. The trial court changed the parental rights and responsibilities of the parties. Specifically, the trial court designated appellee, Dennis C. Munnings, to be the residential parent of the parties' child.
¶ 2} The parties were married in 1989. The marriage produced one child, Dillan, born in 1995. In 2002, the marriage was terminated by dissolution. By agreement of the parties, appellant-mother was designated the residential parent.
¶ 3} In 2004, appellee-father filed a motion to modify the allocation of parental rights and responsibilities. Thereafter, appellee filed a motion requesting that the trial court conduct an in camera interview of Dillan. However, appellee later withdrew this motion, and the interview was not conducted.
¶ 4} On November 9, 2004, an evidentiary hearing was held before the magistrate on appellee's motion to modify the allocation of parental rights and responsibilities. Appellee was represented by counsel at the hearing, while appellant proceeded pro se. The evidence from the hearing demonstrated that both parties loved and cared for Dillan. Further, the magistrate found that appellant had facilitated visitation between Dillan and appellee.
¶ 5} At the hearing, appellee testified he was employed as a deputy sheriff with the Geauga County Sheriff's Office. He has remarried and lives in Parkman Township with his new wife and her children.
¶ 6} At the time of the hearing, appellant was living with her fiancé, Scott Nadock ("Nadock"), in Cleveland Heights. She and Nadock receive free rent in exchange for working at an apartment complex. She has lived in several locations with Dillan and Nadock following the dissolution of the marriage. Prior to their current residence, appellant and Nadock were evicted from two separate residences for failing to pay rent.
¶ 7} Nadock has a criminal history. He has spent time in prison and been convicted of several crimes, including: attempted felonious assault, escape, and drug charges. In addition, appellant was convicted of obstruction of justice for an event related to Nadock. In that event, Nadock abandoned appellant's vehicle after a single-car accident. When the police investigated the incident, appellant told them an unknown individual was driving the car because she did not want Nadock, who was not permitted to drive, to get in trouble.
¶ 8} On November 10, 2004, the magistrate issued her decision, recommending that appellee be designated the residential parent of Dillan. The magistrate found that a change of circumstances occurred with respect to Dillan and appellant. Appellant filed objections to the magistrate's decision. In addition to arguing that the magistrate failed to properly consider the requisite factors in R.C. 3109.04(E) and (F), appellant objected to the lack of a guardian ad litem and the fact that an in camera interview of Dillan was not conducted. The trial court overruled appellant's objections and adopted the magistrate's decision.
¶ 9} Appellant raises three assignments of error. We will address her assigned errors out of numerical order. Her third assignment of error is:
¶ 10} "The trial court erred and/or abused its discretion to the detriment of appellant and the minor child by failing to appoint a guardian ad litem to represent the interests of the minor child."
¶ 11} Appellant claims the trial court erred by failing to appoint a guardian ad litem to represent Dillan's interests.
¶ 12} "(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon therequest of either party, shall interview in chambers any or allof the involved children regarding their wishes and concerns withrespect to the allocation.
 ¶ 13} "(2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply:
¶ 14} "(a) The court, in its discretion, may and, upon themotion of either parent, shall appoint a guardian ad litem forthe child.
 ¶ 15} "[subsections (b) and (c) are inapplicable.]"[1]
 ¶ 16} Generally, a trial court is only required to appoint a guardian ad litem if such an appointment is designated by statute or rule.[2] In this matter, R.C. 3109.04(B) sets forth when the appointment of a guardian ad litem is necessary. The statute provides for the appointment of a guardian ad litem only in relation to an in camera interview. If an in camera interview is conducted, the trial court has the discretion to appoint a guardian ad litem for the child.[3] However, if either of the parties requests the appointment of a guardian ad litem for the child, the court is required to make an appointment.[4]
In this matter, no in camera interview was conducted, therefore, the trial court was not required to appoint a guardian ad litem.[5]
 ¶ 17} Since, in this matter, the appointment of a guardian ad litem was contingent on an in camera interview, we will address whether the magistrate erred in issuing her decision without conducting an in camera interview or permitting appellant to request an interview.
¶ 18} The trial court may conduct an in camera interview of a minor child without either of the parties requesting one.[6] However, if one the parties does request an in camera interview of the minor child, the trial court is required to conduct such an interview.[7]
 ¶ 19} Appellee requested an in camera interview of the child, but he withdrew this motion. There were no other requests for an in camera interview from either party. Without a request for an in camera interview of the child, the decision to conduct such an interview was within the discretion of the trial court.[8]
Accordingly, such a decision will not be reversed unless there is a showing of an abuse of discretion.[9] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unreasonable."[10]
 ¶ 20} The trial court's actions were unfair to appellant. Appellant was acting under the assumption that appellee's motion for an in camera interview was sufficient to ensure that the interview would take place. This belief was supported by statute, in that R.C. 3109.04(B) mandates that an in camera interview occur if one of the parties requests one. Further, the magistrate's statements at the hearing on November 9, 2004 articulated her intention to conduct an in camera interview. At the conclusion of the hearing, the magistrate specifically instructed appellant to set up a convenient time to conduct the in camera interview. Essentially, the magistrate informed the parties that appellant's motion for an in camera hearing was granted. The magistrate went so far as to arrange the time of the interview.
¶ 21} The day after the hearing, appellee filed a motion to withdraw his request for an in camera interview of Dillan. Appellee's motion to withdraw his request was filed at 1:44 p.m. on November 10, 2004. The magistrate issued her final decision in this matter at 3:46 p.m. on November 10, 2004. Appellee's notice of withdrawal of his motion for an in camera interview of Dillan was handwritten on a yellow paper, torn from a legal pad. Attached to the motion was a handwritten certificate of service indicating that a copy of the pleading was mailed to appellant by regular U.S. Mail. The certificate of service does not contain a date that the document was mailed to appellant. Appellant did not have an opportunity to file her own request for an in camera interview following the withdrawal of appellee's motion. This timeline of events strongly suggests the magistrate acted arbitrarily by issuing her decision only hours after appellee filed his withdrawal notice.
¶ 22} At the hearing, everyone was acting under the belief that an in camera interview would occur. However, the very next day, the magistrate issued her decision without conducting an interview. Ultimately, Dillan's wishes and concerns about where he was going to live may or may not have affected the trial court's decision. However, the legislature has set forth a specific means for children to express their wishes and has required that trial courts consider the child's wishes.[11]
Therefore, the trial court acted arbitrarily by determining that an in camera interview was not necessary and not permitting appellant to request that such an interview occur, after appellee withdrew his motion on the eve of the magistrate's decision.
¶ 23} The magistrate abused her discretion by issuing her decision without conducting an in camera interview of the child or providing appellant the opportunity to request an interview.
¶ 24} Appellant's third assignment of error has merit to the extent indicated.
¶ 25} Her first and second assignments of error are:
¶ 26} "[1.] The trial court erred and/or abused its discretion to the prejudice of appellant by not considering all relevant factors as mandated under O.R.C. Section 3109.04(F)(1), in determining change of circumstances and/or best interests of the child in custody proceeding.
¶ 27} "[2.] The trial court erred and/or abused its discretion to the detriment of appellant in finding that there was a change in circumstances which had an impact on the minor child sufficient enough to support a modification of custody."
¶ 28} Both of these assigned errors challenge the trial court's ultimate decision regarding the change of residential parent status. We are remanding this matter to the trial court to allow appellant to file a request for an in camera interview. If such an interview is conducted, the trial court is required to consider Dillan's wishes, pursuant to R.C. 3901.04(F)(1)(b). Thus, the magistrate will be required to issue a new decision, which contains those requisite findings. Accordingly, because a new decision will be issued, we will refrain from addressing appellant's first and second assignments of error, as such an analysis would be advisory in nature.
¶ 29} Appellant's first and second assignments of error are moot.
¶ 30} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.
O'Toole, J., concurs in judgment only,
Grendell, J., dissents with Dissenting Opinion.
[1] (Emphasis added.) R.C. 3109.04(B).
[2] In re Adoption of Haylett, 11th Dist. No. 2004-P-0063,2005-Ohio-696, at ¶ 26.
[3] R.C. 3109.04(B)(2)(a).
[4] Id.
[5] See Feltz v. Feltz, 3d Dist. No. 10-04-04, 2004-Ohio-4160, at ¶ 5.
[6] R.C. 3109.04(B)(1).
[7] Id.
[8] R.C. 3109.04(B).
[9] Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418, citing Miller v. Miller (1988), 37 Ohio St.3d 71, 74. See, also, In re Sherman, 3d Dist. Nos. 5-04-47, 5-04-48, 5-04-49, and 5-04-50, 2005-Ohio-5888, at ¶ 11.
[10] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[11] See R.C. 3109.04(B)(1) and (F)(1)(b).