[Cite as *Enz v. Lewis*, 2011-Ohio-1229.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

|  |  |  |
|---|---|---|
| BRETT ENZ, | : |  |
|  | : |  |
|     Plaintiff-Appellee, | : | Case No. 10CA3357 |
|  | : |  |
|     vs. | : | **Released: March 9, 2011** |
|  | : |  |
| AMANDA LEWIS nka YATES, | : | DECISION AND JUDGMENT |
|  | : | ENTRY |
|     Defendant-Appellant. | : |  |

_____

APPEARANCES:

Christen N. Finley, Richard M. Lewis, and Jennifer L. Routte, The Law Firm of Richard M. Lewis, LLC, Jackson, Ohio, for Appellant.

Marcia I. Shedroff, Portsmouth, Ohio, for Appellee.

_____

Per Curiam:

{¶1} Appellant, Amanda Yates, appeals the decision of the Scioto County Court of Common Pleas, Domestic Relations Division's judgment entry overruling her objections to the magistrate's order and granting Appellee, Brett Enz's, motion to modify parental rights and responsibilities. On appeal, Appellant raises multiple assignments of error, contending that 1) the trial court lacked jurisdiction; 2) the trial court erred in failing to appoint a guardian ad litem; 3) the trial court erred in changing custody when a substantial change of circumstances had not occurred; 4) the trial court erred

in failing to find or conclude that a change of custody was necessary to serve the child's best interests or how the change would serve the child's best interests; 5) the trial court erred in making findings of fact which were against the manifest weight of the evidence to support its order requiring a change in custody; 6) the trial court erred in relying on facts which occurred prior to the initial custody order, which was filed on September 16, 2008, in reaching its decision to change custody; 7) the court's findings regarding Appellant's mental state (erratic behavior, lapses in judgment, and adjustment to prescription antidepressants) were against the manifest weight of the evidence; 8) the trial court erred in failing to require the parties and their minor child to submit to mental and physical evaluations; 9) the trial court erred in deeming Appellee's request for admissions admitted; 10) the trial court erred in failing to state what changes of circumstances occurred which provided the threshold for its decision to grant Appellee's motion to modify custody; and 11) the trial court erred in determining child support.

{¶2} In light of our determination that the trial court properly exercised jurisdiction over this matter, Appellant's first assignment of error is overruled.  Further, in light of our findings that the trial court did not err or abuse its discretion in failing to appoint a guardian ad litem or certify the matter to the juvenile court, Appellant's second assignment of error is

overruled. As the trial court failed to find that a modification would serve the child's best interests, Appellant's fourth assignment of is sustained and this matter is reversed and remanded. As such, Appellant's remaining assignments of error have been rendered moot and we do not reach them.

## FACTS

{¶3} On May 20, 2008, Plaintiff-Appellee, Brett Enz, filed a complaint in the Scioto County Court of Common Pleas, Domestic Relations Division, to establish a parent-child relationship against Defendant-Appellant, Amanda Lewis nka Yates, with respect to minor child, Elle Enz, born July 8, 2006. On September 16, 2008, an agreed judgment entry was filed whereby the parties confirmed a parent-child relationship between Elle Enz and Appellee, Appellant was designated the residential parent, and Appellee was granted parenting time and was ordered to pay child support. Subsequently, on December 8, 2008, Appellee filed a motion to modify child support and motion to modify parenting time. The memorandum in support of Appellee's motion alleged that Appellant had not moved to Chillicothe, as had been the understanding, and was instead living in Scioto County with her new husband.

{¶4} The record further reflects that on February 9, 2009, Appellee filed another motion in the domestic relations court entitled "Motion for

Emergency Custody Order" and "Motion for Modification of Allocation of Parental Rights and Responsibilities." Attached to these motions were two affidavits. The first affidavit, by Appellee, stated that Appellant was now remarried to Bobby Yates, was living in Scioto County, and had a problem with prescription drug abuse which affected her ability to care for the parties' minor child. The second affidavit, by Bobby Yates, described an incident when Yates arrived home to find Elle and another child, both age two, locked in a bathroom, naked, playing in the toilet, with a steak knife. Yates further stated that Appellant, on this day and other occasions as well, was sleeping deeply under the influence of xanax or other prescription drugs. Also attached to these motions was a UCCJEA form wherein Appellee stated that there was a pending "Custody/Neglect/Abuse" case in the Scioto County Juvenile Court, Case No. 20930015 involving the minor child. Appellee represented on the UCCJEA form that no orders or judgments had been issued out of that court and that the matter was "to be dismissed."[1]

{¶5} On February 11, 2009, the domestic court issued an order granting Appellee's motion for emergency custody, thereby designating Appellee the residential parent and setting the matter for a probable cause

---

[1] As we will discuss in more detail under Appellant's first assignment of error, the actual juvenile court filings were not made a part of the record below and are not properly before us on appeal.

hearing.  On February 26, 2009, the parties entered into a memorandum of agreement which was filed in the domestic court.  In the memorandum, Appellee waived probable cause, without admitting probable cause, agreed that Appellee would remain the residential parent, and that Appellant would be permitted parenting time provided she was not under the influence of alcohol or drugs and that she was taking her prescription medications as ordered by her physician.  A judgment entry reflecting the memorandum of agreement was filed by the domestic court on March 17, 2009, and the matter was scheduled for a full hearing on May 13, 2009.

{¶6} Discovery ensued and a hearing was held on May 13, 2009; however, the matter was unable to be concluded in one day, and as a result, it was decided the hearing would be concluded on August 20, 2009.  In the interim, Appellee served Appellant with his first set of interrogatories, request for admissions and production of documents.  In response, Appellant filed a motion for protective order, contending that the discovery requests were inappropriate considering that they were midway into the hearing on the matter.  On July 24, 2009, a magistrate's order was filed denying Appellant's motion for protective order and provided the parties ten days to file a motion to set aside the order.  Appellant filed a notice of compliance with discovery, representing that she had complied with discovery as of

August 12, 2009. However, on August 18, 2009, Appellee filed a "Motion to Continue; Motion in Limine" asserting that Appellant had responded to only 10 of the 30 discovery requests.[2] Appellee requested that the matter be continued in order that discovery could be completed, or in that alternative that Appellant be prohibited from introducing evidence relating to the discovery requests in which she had failed to respond. Ultimately, a magistrate's order was filed on August 19, 2009, ordering Appellee's counsel to prepare a judgment entry indicating the specific admissions that were deemed to be admitted.[3]

{¶7} The final day of the hearing was held on August 20, 2009, post-trial briefs were submitted for consideration and a magistrate's decision was filed on November 10, 2009. In the decision, the magistrate issued findings of fact and conclusions of law and found that "several changes in circumstances have occurred which necessitate re-evaluation of the allocation of parental rights and responsibilities." As such, the magistrate granted Appellee's motion to modify parental rights and responsibilities, and set forth a schedule for Appellant's parenting time. The magistrate further ordered Appellant to pay child support to Appellee. Appellant objected to

---

[2] In response, Appellant contended that the failure to provide the omitted responses was an office oversight and that as soon as Appellee's motion in limine was filed, the omitted discovery responses were provided.
[3] After the final day of the hearing and pending the decision, on October 30, 2009, a judgment entry was filed deeming nine different statements to be admitted.

the magistrate's decision on November 24, 2009, and thereafter

supplemented her objections once the hearing transcript was filed.  Finally,

on April 15, 2010, a judgment entry was filed wherein the domestic court

judge overruled Appellant's objections and confirmed the decision of the

magistrate.

{¶8} It is from this judgment entry that Appellant now brings her

timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT LACKED JURISDICTION.

II.     THE TRIAL COURT ERRED IN FAILING TO APPOINT A
        GUARDIAN AD LITEM.

III.    THE TRIAL COURT ERRED IN CHANGING CUSTODY WHEN
        A SUBSTANTIAL CHANGE OF CIRCUMSTANCES HAD NOT
        OCCURRED.

IV.     THE TRIAL COUR ERRED IN FAILING TO FIND OR
        CONCLUDE THAT A CHANGE OF CUSTODY WAS
        NECESSARY TO SERVE THE CHILD'S BEST INTERESTS OR
        HOW THE CHANGE WOULD SERVE THE CHILD'S BEST
        INTERESTS.

V.      THE TRIAL COURT ERRED IN MAKING FINDINGS OF FACT
        WHICH WERE AGAINST THE MANIFEST WEIGHT OF THE
        EVIDENCE TO SUPPORT ITS ORDER REQUIRING A CHANGE
        IN CUSTODY.

VI.     THE TRIAL COURT ERRED IN RELYING ON FACTS WHICH
        OCCURRED PRIOR TO THE INITIAL CUSTODY ORDER,
        WHICH WAS FILED ON SEPTEMBER 16, 2008, IN REACHING
        ITS DECISION TO CHANGE CUSTODY.

VII.   THE TRIAL COURT'S FINDINGS REGARDING APPELLANT'S MENTAL STATE (ERRATIC BEHAVIOR, LAPSES IN JUDGMENT, AND ADJUSTMENT TO PRESCRIPTION ANTIDEPRESSANTS) WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

VIII.  THE TRIAL COURT ERRED IN FAILING TO REQUIRE THE PARTIES AND THEIR MINOR CHILD TO SUBMIT TO MENTAL AND PHYSICAL EVALUATIONS.

IX.    THE TRIAL COURT ERRED IN DEEMING APPELLEE'S REQUEST FOR ADMISSIONS ADMITTED.

X.     THE TRIAL COURT ERRED IN FAILING TO STATE WHAT CHANGES OF CIRCUMSTANCES OCCURRED WHICH PROVIDE THE THRESHOLD FOR ITS DECISION TO GRANT APPELLEE'S MOTION TO MODIFY CUSTODY.

XI.    THE TRIAL COURT ERRED IN DETERMINING CHILD SUPPORT."

ASSIGNMENT OF ERROR I

{¶9} In her first assignment of error, Appellant contends that the trial court lacked jurisdiction to consider Appellee's motion for emergency custody, which she contends set forth allegations of abuse and neglect. Appellant bases her argument on R.C. 2151.23, claiming that the juvenile court has exclusive original jurisdiction over matters concerning abused and neglected children. Appellant argues that Appellee's filing of an emergency custody petition in the juvenile court, prior to his filing in the domestic relations court, provided the juvenile court with exclusive, original

jurisdiction.[4]  In response, Appellee contends that the domestic court

possessed continuing jurisdiction over the matter by virtue of its prior

divorce decree, which allocated parental rights and responsibilities, citing

this Court's prior reasoning in *Heisler v. Heisler*, Hocking App. No.

09CA12, 2010-Ohio-98, as well as the reasoning of the Supreme Court of

Ohio in *In re Poling*, 64 Ohio St.3d 211, 1992-Ohio-144, 594 N.E.2d 589.

{¶10} We initially note that Appellant challenges the domestic court's

subject matter jurisdiction for the first time on appeal.  Subject matter

jurisdiction is defined as a court's power to hear and decide cases. *State ex*

*rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 1998-Ohio-275, 701

N.E.2d 1002. Subject matter jurisdiction may be raised at any time and it

may be raised sua sponte by the court. *State ex rel. Bond v. Velotta Co.*, 91

Ohio St.3d 418, 419, 2001-Ohio-91, 746 N.E.2d 1071. A motion to dismiss

for lack of subject matter jurisdiction raises a question of law, subject to the

de novo standard of review. *Groza-Vance v. Vance*, 162 Ohio App.3d 510,

2005-Ohio-3815, 834 N.E.2d 15, at ¶ 13; see, also, *State ex rel. Rothal v.*

*Smith*, 151 Ohio App.3d 289, 2002-Ohio-7328, 783 N.E.2d 1001, at ¶ 110.

{¶11} In *Heisler*, at issue was whether the Hocking County domestic

relations court, which had originally obtained jurisdiction by virtue of a

---

[4] Appellant also claims that the juvenile court had "already begun to issue orders" and attaches several documents to her appellate brief purporting to be juvenile court filings.  However, as set forth above, these filings were not made a part of the record below and are not properly before us on appeal.

divorce decree, had continuing jurisdiction over the allocation of parental rights and responsibilities after a subsequent truancy and delinquency proceeding was instituted against the parties' child in the Fairfield County juvenile court. As we noted in *Heisler*, "[a] domestic relations court that enters an order allocating parental rights and responsibilities retains jurisdiction over those issues." *Heisler* at ¶16; citing R.C. 3109.06. However, in *Heisler*, we recognized the contradiction that arises under R.C. 2151.23(A)(1) and (2), which essentially provides that a juvenile court obtains "exclusive original jurisdiction" concerning any child, not a ward of another court, alleged to be delinquent, or at issue here, abused, neglected or dependent.[5] Relying on the reasoning of the Supreme Court of Ohio in *In re Poling*, supra, we ultimately determined that the domestic relations court and the juvenile court possessed concurrent jurisdiction over the issue of custody, and that this fact did not divest the domestic relations court of its ability to modify its existing divorce decree. *Heisler* at ¶20; relying on *In re Poling* at 215 (where a domestic relations court has entered a decree regarding the custody of the child and the child later comes under the jurisdiction of the juvenile court, the courts share concurrent jurisdiction over the custody of the child.).

---

[5] At issue in *Heisler* was a pending delinquency allegation in juvenile court; however, delinquent, unruly, abused, neglected and dependent children are all governed by R.C. 2151.23.

{¶12} Taking our reasoning a step further, to address Appellant's "jurisdictional priority rule" argument, we again look to our prior reasoning in *Heisler*, where we noted that "[w]here courts share concurrent jurisdiction, the general rule is that the court where proceedings are first properly initiated acquires the right to adjudicate the matter to the exclusion of all other courts." *Heisler* at ¶ 19; citing *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 364 N.E.2d 33, at syllabus and *Miller v. Court of Common Pleas* (1944), 143 Ohio St. 68, 70, 54 N.E.2d 130. Thus, we reasoned that "the domestic relations court, which first established jurisdiction through the divorce decree, would retain exclusive jurisdiction to entertain custody issues involving a child the subject of an earlier divorce decree in that court." *Heisler* at ¶ 19. In doing so, we also noted that the *Poling* court indicated that "juvenile courts may nonetheless make 'particularized determinations regarding the care and custody of children subject to its jurisdiction, while respecting the continuing jurisdiction of the domestic relations or common pleas court that makes a custody decision in a divorce case.' " Id; citing *In re Poling* at 216.

{¶13} As such, and in light of the foregoing, we conclude that although the juvenile court may have obtained jurisdiction over the issue of custody upon Appellant's alleged filing of a motion for emergency custody

alleging abuse, neglect and dependency in that court, such jurisdiction was concurrent with the jurisdiction of the domestic relations court. Further, the juvenile court's concurrent jurisdiction did not divest the domestic relations court of the continuing jurisdiction it acquired as a result of the prior divorce decree. See, *Bland v. Bland*, Summit App. No. 21228, 2003-Ohio-828 (trial court and juvenile court have concurrent jurisdiction over matters relating to custody); *In the Matter of Pierce*, Ross App. No. 03CA2712, 2003-Ohio-3997 (probate court and juvenile court have concurrent jurisdiction over child). Thus, Appellant's first assignment of error is overruled and the domestic relations court's exercise of jurisdiction over this matter was appropriate.

## ASSIGNMENT OF ERROR II

{¶14} In her second assignment of error, Appellant contends that the trial court erred and abused its discretion in failing to appoint a guardian ad litem. Appellant primarily hinges her argument on her assertions in her first assignment of error, that the juvenile court had exclusive, original jurisdiction over this matter, rather than the domestic relations court. As such, Appellant relies upon juvenile court statutes, rather than domestic relations court statutes. Appellant further argues that the domestic relations court erred in failing to certify this matter to the juvenile court in accordance

with R.C. 3109.06. Appellant, in response, appropriately directs our attention to R.C. 3109.04(B)(2)(a), which governs appointment of guardians ad litem when modifying parental rights and responsibilities, and R.C. 3109.06, which governs certification to the juvenile court.

{¶15} With respect to Appellant's contention that the trial court abused its discretion in failing to appoint a guardian ad litem, we note that R.C. 3109.04(B)(2)(a) provides that:

"If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply:

(a) The court, in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem for the child."

{¶16} Here, a review of the record reflects that the trial court did not interview the child in chambers, nor did the parties request such an interview or request appointment of a guardian ad litem. Thus, the matter being purely within the discretion of the trial court, and absent a request by the parties or an interview of the child, we cannot conclude that the trial court abused its discretion in failing to appoint a guardian ad litem. See, *In re Munnings*, Geauga App. No. 2005-G-2622, 2006-Ohio-3230 at ¶16 (noting that a trial court is generally only required to appoint a guardian if such an appointment is designated by statute or rule); *Feltz v. Feltz*, Mercer App. No. 10-04-04, 2004-Ohio-4160 at ¶ 5 (finding no requirement for appointment of guardian

ad litem where trial court did not meet with children before entering judgment). Accordingly, we overrule Appellant's second assignment of error with regard to the trial court's decision not to appoint a guardian ad litem.

{¶17} With respect to Appellant's second contention, that the trial court erred in failing to certify the matter to the juvenile court, we turn our attention to R.C. 3109.06, which provides, in pertinent part, that any court, other than a juvenile court:

"may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much of the record and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction."

Thus, based upon a plain reading of the above language, certification of a matter over to the juvenile court is discretionary. Here, where we have already determined that the domestic relations court properly exercised jurisdiction over the custody issue herein, and where none of the parties even requested certification, we cannot conclude that the trial court abused its discretion in failing to certify the matter to the juvenile court. Accordingly, we overrule Appellant's second assignment of error with regard to the trial court's decision not to certify the matter to the juvenile court.

ASSIGNMENT OF ERROR IV

{¶18} Because Appellant's fourth assignment of error is dispositive of the remaining issues, we will address it out of order.  In her fourth assignment of error, Appellant contends that the trial court erred in failing to find or conclude that a change of custody was necessary to serve the child's best interests or how the change would serve the child's best interests.  In response, Appellee simply offers that "by virtue of the nature of the change in circumstances in this case, the lower court obviously concluded that the modification was necessary to serve the child's best interests."  Appellee further contends that because Appellant did not request findings of fact or conclusions of law, she cannot now challenge "lack of an explicit finding concerning an issue."  For the following reasons, we reject Appellee's contentions and sustain Appellant's fourth assignment of error.

{¶19} "Appellate courts typically review trial court decisions regarding the modification of a prior allocation of parental rights and responsibilities with the utmost deference." *Wilson v. Wilson*, Lawrence App. No. 09CA1, 2009-Ohio-4978, at ¶ 21, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159; *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. See, also, *Posey v. Posey*, Ross App. No. 07CA2968, 2008-Ohio-536, at ¶ 10; *Jones v. Jones*,

Highland App. No. 06CA25, 2007-Ohio-4255, at ¶ 33. Consequently, we apply an abuse-of-discretion standard when reviewing a trial court's decision regarding the modification of parental rights and responsibilities. See *Wilson* at ¶ 21; *Jones* at ¶ 33; *Posey* at ¶ 10.

{¶20} "In *Davis*, the court defined the abuse of discretion standard that applies in custody proceedings as follows: 'Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. 'The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. * * * The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * * A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility

of testimony and evidence must not be encroached upon by a reviewing tribunal, especially to the extent where the appellate court relies on unchallenged, excluded evidence in order to justify its reversal. * * * This is even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.' " *Posey* at ¶ 10, quoting *Davis* at 418-19, 674 N.E.2d 1159 (other internal quotations omitted). See, also, *Wilson* at ¶ 21; *Jones* at ¶ 33.

{¶21} R.C. 3109.04(E)(1)(a), which governs the modification of a prior decree allocating parental rights, provides: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies: * * *."

**{¶22}** " 'Only R.C. 3109.04(E)(1)(a) expressly authorizes a court to modify a prior decree allocating parental rights and responsibilities.' " *Posey* at ¶ 11, quoting *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546 at ¶ 21. "Thus, a trial court may modify an allocation of parental rights and responsibilities only if the court finds (1) that a change in circumstances has occurred since the last decree, (2) that modification is necessary to serve the best interest of the child, and (3) that the advantages of modification outweigh the potential harm." *Jones* at ¶ 35, citing *Beaver v. Beaver*, 143 Ohio App.3d 1, 9, 2001-Ohio-2399, 757 N.E.2d 41.

**{¶23}** Appellant contends that the trial court failed to properly conclude that a change of custody was necessary to serve the child's best interest. We agree. Although the trial court did find that since residing with Appellee the minor child "has adjusted well over time," this statement was not made as part of a best interest analysis. Further, nowhere in the magistrate's decision or the trial court's final judgment entry adopting the magistrate's decision do the words "best interests" appear. Further, although Appellant did not request findings of fact and conclusions of law, the record reveals that the magistrate provided them, Appellant objected to them on this basis, and the trial court overruled Appellant's objection. As such, Appellant's fourth assignment of error is sustained. Accordingly, the

decision of the trial court is reversed and remanded for further findings consistent with this opinion.

{¶24} In light of our disposition of Appellant's fourth assignment error, Appellant's third, fifth and sixth through eleventh assignments of error have been rendered moot.  However, we do note, with regard to Appellant's third and tenth assignments of error, which challenge the trial court's findings with regard to a change in circumstance, that while the trial court did find a change in circumstance had occurred, and evidence presented arguably supports that finding, the trial court did not delineate what specific change had occurred.  Such a clarification would be beneficial upon remand.

**JUDGMENT REVERSED AND
CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J., Kline, J. and McFarland, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Peter B. Abele, Judge

BY: _____
Roger L. Kline, Judge

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**