DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Brent L. Posey appeals the trial court's judgment denying his motion to modify the parties' shared parenting plan so as to designate him the residential parent of the parties' fourteen year old child. He contends that the trial court's judgment is against the manifest weight of the evidence. The record contains evidence to support the trial court's decision that modifying the shared parenting plan so as to designate appellant the residential parent would not serve the child's best interests. Consequently, appellant's argument is without merit. *Page 2 
 {¶ 2} Appellant additionally asserts that the trial court erred by failing to appoint separate counsel for the child. Because appellant never requested the court to appoint separate counsel for the child, he has waived this argument. Accordingly, we overrule appellant's two assignments of error and affirm the trial court's judgment.
 I. FACTS {¶ 3} In December of 2001, the parties divorced and entered into a shared parenting plan that named appellee the child's residential parent.
 {¶ 4} On January 20, 2006, appellant filed a motion for change of custody. He requested the court to designate him the residential parent and legal custody of the parties' then-fourteen year old child. Appellant contended that the child wishes to live with him and that he is unhappy living with appellee.
 {¶ 5} Appellant subsequently filed a proposed amended shared parenting plan naming him as the residential parent.
 {¶ 6} After a hearing, the trial court denied appellant's motion to modify the shared parenting plan so as to designate him the child's residential parent. The court interviewed the child and determined that he had sufficient reasoning ability to express his wishes and concerns. The *Page 3 
court also noted that the guardian ad litem expressed no concern with the child's current living arrangement with his mother and stated that appellant's "concerns about [the child] would not be best served by a change of * * * custody." The court determined that modifying the shared parenting plan would not be in the child's best interests, stating: "[He] has become integrated into his current home and school communities. His current environment offers greater educational opportunities and greater diversity of activities and associations that his father's environment would. The evidence did not demonstrate any aspect of [appellee's] home or parenting negatively impacting [the child]. * * * [The child's] stated reason for wanting to live with his father, that being their passion for engaging in outdoor activities together, can still be achieved even if [the child] lived primarily with his mother." Although the court denied appellant's request to be designated the residential parent, it modified the shared parenting plan so as to increase appellant's parenting time with the child.
 II. ASSIGNMENTS OF ERROR {¶ 7} I. "THE TRIAL COURT'S RULING THAT TO TERMINATE THE SHARED PARENTING PLAN AND/OR MODIFY SUCH SO AS TO ALLOW THE CHILD TO RESIDE PRIMARILY WITH HIS FATHER, IS NOT IN THE BEST INTEREST OF THE CHILD WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 4 
 {¶ 8} II."THE TRIAL COURT ERRED IN NOT APPOINTING SEPARATE COUNSEL FOR THE CHILD WHEN THE GUARDIAN AD LITEM'S RECOMMENDATION AND THE CHILD'S WISHES WERE NOT CONSISTENT."
 III. ANALYSIS A {¶ 9} In his first assignment of error, appellant asserts that the trial court's decision denying his motion to modify the shared parenting plan so as to designate him the residential parent is against the manifest weight of the evidence. In particular, he argues that competent and credible evidence does not support the trial court's findings that (1) the Hilliard City School District provides greater educational opportunities than the Greenfield School system, (2) the child is exposed to a greater range of activities in Hilliard, and (3) appellee's home or parenting did not negatively impact the child. He also contends that the trial court failed to take the child's wishes into account. Appellant further argues that the trial court gave inappropriate weight to the guardian ad litem's report.
 1 Standard of Review {¶ 10} We review a trial court's decision regarding a modification of a prior allocation of parental rights and responsibilities with the utmost *Page 5 
deference. Davis v. Flickinger (1995), 77 Ohio St.3d 415, 418,674 N.E.2d 1159; Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846. Consequently, we can only sustain a challenge to a trial court's decision to modify parental rights and responsibilities upon a finding that the trial court abused its discretion. Davis, supra. InDavis, the court defined the abuse of discretion standard that applies in custody proceedings as follows:
 "`Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. (Trickey v. Trickey [1952], 158 Ohio St. 9, 47 O.O. 481, 106 N.E.2d 772, approved and followed.)' [Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus].
 The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. As we stated in Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80-81, 10 OBR 408, 410-412, 461 N.E.2d 1273, 1276-1277:
 `The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * *
 * * *
 * * * A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal, especially to the extent where the appellate *Page 6 
court relies on unchallenged, excluded evidence in order to justify its reversal.'
 This is even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well."
Id. at 418-419.
 2 Standard for Modifying a Prior Allocation of Parental Rights and Responsibilities {¶ 11} Initially, we note that the parties incorrectly set forth the standard a trial court applies when determining whether to modify a shared parenting plan so as to change the designation of the residential parent. Both appellant and appellee assert that the court may modify a shared parenting plan to change the designation of the residential parent if it finds the modification to be in the child's best interests and need not find that a change in circumstances occurred. Recently, however, the Supreme Court of Ohio held that when a trial court considers a motion to modify a shared parenting plan that requests a change in the designation of the residential parent and legal custodian of a child, the court must find that the modification would serve the child's best interest and that a change in circumstances has occurred. See Fisher v. Hasenjager 116 Ohio St.3d 53, 2007-Ohio-5589,876 N.E.2d 546. The Fisher court explained: *Page 7 
 "Once a shared-parenting decree has issued, R.C. 3109.04(E) governs modification of the decree:
 (1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 * * *
 (2) In addition to a modification authorized under division (E)(1) of this section:
 (b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
 * * * * *Page 8 
 There is no dispute as to whether a court may modify parental rights and responsibilities pursuant to R.C. 3109.04(E)(1)(a). The statute allows a court to modify a prior decree allocating parental rights and responsibilities only if (1) `a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree' and (2) the modification is in the best interest of the child. The statute also requires the court to `retain the residential parent designated by the prior decree' unless (1) the `modification is in the best interest of the child' and (2) one of three additional factors applies. Only R.C. 3109.04(E)(1)(a) expressly authorizes a court to modify a prior decree allocating parental rights and responsibilities.
 * * * *
 In summary, R.C. 3109.04(E)(1)(a) expressly provides for the modification of parental rights and responsibilities in a decree. An allocation of parental rights and responsibilities is a designation of the residential parent and legal custodian. Therefore, R.C. 3109.04(E)(1)(a) controls when a court modifies an order designating the residential parent and legal custodian.
 While the designation of residential parent and legal custodian can be modified under R.C. 3109.04(E)(1)(a), that designation cannot be modified under R.C. 3109.04(E)(2)(b), which allows only for the modification of the terms of a shared-parenting plan.
 R.C. 3109.04(G) states that either parent or both parents of a child may request that the court grant both parents shared-parenting rights and responsibilities for the care of a child. When the pleading or motion is filed, a parent or parents must also file a plan for the `exercise of shared parenting by both parents.' Id. `A plan for shared parenting shall include provisions covering all factors that are relevant to the care of the children, including, but not limited to, provisions covering factors such as physical living arrangements, child support obligations, provision for the children's medical and dental care, school placement, and the parent with which the children will be physically located during legal holidays, school holidays, and other days of special importance.' Id. If a court approves a shared-parenting plan, the approved plan shall be incorporated *Page 9 
into the final shared-parenting decree granting the parents the shared parenting of the children. R.C. 3109.04(D)(1)(d).
 R.C. 3109.04(E)(1)(a) permits the modification of a prior decree allocating parental rights and responsibilities; R.C. 3109.04(E)(2)(b) permits a court to modify the terms of the plan for shared parenting, which must be approved by a court and incorporated by the court into the shared-parenting decree. Within the custody statute, a `plan' is statutorily different from a `decree' or an `order.' A shared-parenting order is issued by a court when it allocates the parental rights and responsibilities for a child. R.C. 3109.04(A)(2). Similarly, a shared-parenting decree grants the parents shared parenting of a child. R.C. 3109.04(D)(1)(d). An order or decree is used by a court to grant parental rights and responsibilities to a parent or parents and to designate the parent or parents as residential parent and legal custodian.
 However, a plan includes provisions relevant to the care of a child, such as the child's living arrangements, medical care, and school placement. R.C. 3109.04(G). A plan details the implementation of the court's shared-parenting order. For example, a shared-parenting plan must list the holidays on which each parent is responsible for the child and include the amount a parent owes for child support.
 A plan is not used by a court to designate the residential parent or legal custodian; that designation is made by the court in an order or decree. Therefore, the designation of residential parent or legal custodian cannot be a term of shared-parenting plan, and thus cannot be modified pursuant to R.C. 3109.04(E)(2)(b)."
Id. at ¶¶ 11-31.
 {¶ 12} Accordingly, in order to modify a shared parenting plan so as to change the designation of the residential parent, a trial court must find that a change in circumstances has occurred and that changing the residential parent would serve the child's best interests. In the case at bar, although the *Page 10 
trial court did not consider whether a change in circumstances occurred, it concluded that changing the residential parent would not serve the child's best interests. Thus, we limit our review to whether the trial court abused its discretion by determining that changing the residential parent would not serve the child's best interests.
 {¶ 13} R.C. 3109.04(F)(1)(a)-(j) and R.C. 3109.04(F)(2)(a)-(e) set forth the factors a trial court must consider when determining a child's best interests. Those statutes provide:
 (F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding the child's care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 * * *
 (2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in *Page 11 
division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:
 (a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 (b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 (c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 (d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;
 (e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.
 {¶ 14} In the case at bar, the trial court did not abuse its discretion by determining that changing the residential parent would fail to serve the child's best interests. Both parents obviously love the child, but their wishes regarding his primary residence conflict. The mother wishes for the child to live with her in Hilliard, while the father wishes for the child to live with him in rural Ross County. The child stated his desire to live with his father, primarily so they could more frequently engage in outdoor activities and hunting. The child appears to interact well and share strong relationships with both his mother and his step-father, as well as his biological father and his extended family. There is some evidence that the child, however, becomes depressed when he has to return from his father's residence to his mother's residence in Hilliard. The child has adjusted well to the school and *Page 12 
community in Hilliard, where he participates in football. Based upon the totality of these factors, we cannot state that the trial court abused its discretion.
 {¶ 15} While the child expressed a desire to live with his father, the trial court apparently concluded that changing the residential parent would serve more harm than good. Moreover, the court found that the reason for the child's desire to primarily live with his father, to engage in more frequent outdoor pursuits and hunting, could be accomplished simply by increasing appellant's parenting time. The court did not find it necessary to uproot the child from his community and school in Hilliard in order to satisfy his desires. Thus, appellant's assertion that the court failed to give appropriate weight to the child's wishes is unavailing.
 {¶ 16} Appellant nevertheless asserts that the following findings are not supported by competent and credible evidence: (1) the Hilliard City School District provides greater educational opportunities than the Greenfield school system; (2) the child is exposed to a greater range of activities in Hilliard than simply outdoor pursuits; and (3) appellee's home does not negatively impact the child. There is evidence in the record to support the trial court's findings. Appellant presented an expert who testified that the Hilliard schools perform better than the Greenfield schools. *Page 13 
The weight and credibility of his testimony is reserved to the trial court and we will not second-guess its determination. SeeDavis, supra. Furthermore, some evidence exists that the child engages in activities in Hilliard other than hunting and other outdoor activities. Additionally, there is no evidence that appellee's home environment is ill-suited to raising a fourteen year old child. Consequently, appellant's argument that the trial court's findings are not supported by competent and credible evidence is meritless.
 {¶ 17} Appellant further asserts that the trial court gave inappropriate weight to the guardian ad litem's report. The guardian's report is not part of the record before this court. An appellant bears the duty to show error by reference to matters in the record. SeeKnapp v. Edwards Laboratories (1980), 61 Ohio St.3d 197, 199,400 N.E.2d 384. Thus, appellant in the case at bar bore the duty to ensure a complete record was transmitted on appeal. Because we lack the guardian's report, we cannot review this argument.
 {¶ 18} Accordingly, we overrule appellant's first assignment of error.
 B Failure to Appoint Counsel for the Child {¶ 19} In his second assignment of error, appellant contends that the trial court erred by failing to appoint separate counsel for the child. He asserts that the guardian ad litem's recommendation conflicted with the *Page 14 
child's wishes and, thus, that the court was required to appoint separate counsel for the child.
 {¶ 20} It is well-established that we "will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210, 436 N.E.2d 1001. A party waives and may not raise on appeal any error that arises during the trial court proceedings if that party fails to bring the error to the court's attention, by objection or otherwise, at a time when the trial court could avoid or correct the error. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121,679 N.E.2d 1099; Stores Realty Co. v. City of Cleveland Bd. of Bldg.Standards and Bldg. Appeals (1975), 41 Ohio St.2d 41, 43,322 N.E.2d 629.
 {¶ 21} In the case at bar, appellant never objected to the trial court's failure to appoint separate counsel for the child. Thus, we may recognize the error only if it constitutes plain error. In the civil context, the plain error doctrine applies only when an error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." Goldfuss, 79 Ohio St.3d at 122-123.
 {¶ 22} Civ.R. 75(B)(2) addresses the appointment of legal counsel for a child in a custody action and states: "When it is essential to protect the *Page 15 
interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the costs." The appointment of legal counsel pursuant to Civ.R. 75(B)(2) is a matter reserved to the trial court's sound discretion of the trial court. See Walton v. Walton, Wood App. No. WD-06-066, 2007-Ohio-4325, citing Pruden-Wilgus v. Wilgus
(1988), 46 Ohio App.3d 13, 16, 545 N.E.2d 647. "An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court." Wilburn v.Wilburn, 169 Ohio App.3d 415, 2006-Ohio-5820, 863 N.E.2d 204, at ¶ 13 (citations omitted).
 {¶ 23} In the case at bar, the trial court did not join the child as a party to the case. Although the court appointed a guardian ad litem for the child, "Civ.R. 75(B)(2) does not state that the appointment of a GAL makes the child a party to the case." Wilburn, at ¶ 15. Furthermore, a child does not become a party to the case when a court appoints a guardian ad litem under R.C. 3109.04(B)(2)(a). Id. at ¶ 16. RC.3109.04(B)(2)(a) provides that "[t]he court, in its discretion, may and, upon the motion of either parent, *Page 16 
shall appoint a guardian ad litem for the child" when the court interviews the child and considers what is in the best interests of the child.
 {¶ 24} In the case at bar, appellee requested the trial court to appoint a guardian ad litem for the child, pursuant to R.C.3109.04(B)(2)(a). She did not request that the child be made a party to the case or that the court appoint counsel for the child. The trial court granted appellee's request and appointed a guardian ad litem for the child. Appellant never requested that the child be made a party to the case or appointed separate counsel. Because the child was not a party to the case, the trial court had no obligation to appoint counsel. See Wilburn.
 {¶ 25} Accordingly, we overrule appellant's second assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 17 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1