[Cite as *In re F.M.B.*, 2011-Ohio-5368.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

IN THE MATTER OF:                    :
                                     : Case No.  10CA28
F.M.B.                               :
                                     : **RELEASED: September 30, 2011**
A MINOR CHILD.                       :
                                     : <u>DECISION AND JUDGMENT</u>
                                     : <u>ENTRY</u>
_____
                        <u>APPEARANCES</u>:

Joseph H. Brockwell, Marietta, Ohio, for Appellant.

Nancy E. Brum, Marietta, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} Appellant-Mother, F. S., appeals the decision of the Juvenile Division of the Washington County Court of Common Pleas modifying the allocation of parental rights and responsibilities and designating Appellee-Father, R. B., residential parent of the parties' minor child, F.M.B.  On appeal, Appellant contends that 1) the juvenile court abused its discretion when it affirmed the decision of the magistrate when the magistrate used against her facts from a prior contempt proceeding in which she was found not guilty of contempt; and 2) the juvenile court abused its discretion, and its judgment was against the manifest weight of the evidence, when it affirmed the decision of the magistrate.

{¶2} As the trial court conducted a de novo review of the record before affirming the magistrate's decision, and in light of our conclusion that the trial court's determinations regarding a change in circumstances and the best interest of the child were supported by competent, credible evidence, we cannot conclude that the trial court's decision was an abuse of discretion or was against the manifest weight of the evidence. As such, Appellant's first and second assignments of error are overruled. Accordingly, we affirm the decision of the trial court.

FACTS

{¶3} Appellant and Appellee were never married but have one child, F.M.B., born on November 18, 2005. On May 30, 2006, Appellee filed a complaint for visitation in the general division of the Washington County Court of Common Pleas, which was granted on April 24, 2007, and later modified on December 24, 2007. On June 5, 2008, Appellee filed a verified motion to modify allocation of parental rights and responsibilities in the juvenile division of the Washington County Court of Common Pleas. The general division visitation case was then transferred to the juvenile division.

{¶4} Multiple motions were filed throughout the course of the proceedings, including a June 6, 2008, motion to show cause filed by Appellee alleging Appellant interfered with Appellee's 2008 spring break

visitation by failing to have the child at the airport on time and causing the child to miss the scheduled flight. The magistrate ultimately found no willful violation on Appellant's part; however, the magistrate stated that Appellant's incompetence, lack of diligence and apparent inability to facilitate the Appellee's court ordered visitation and communication would be considered in the pending motion to modify custody. On December 29, 2008, Appellee filed another motion to show cause alleging Appellant refused Appellee visitation with the child from August 30, 2008 to September 3, 2008, in violation of the visitation order.

{¶5} A hearing on Appellee's motion for modification, as well as the pending contempt motion was held on January 20, 2009. On March 24, 2009, a magistrate's decision on contempt and modification of custody and corresponding judgment entry were issued. In the decision, the magistrate found a willful violation on Appellant's part with respect to the August 2008 visitation and as such Appellant was found in civil indirect contempt.[1] Further, the magistrate's decision, which included findings of fact and conclusions of law, granted Appellee's motion to modify allocation of parental rights and responsibilities and designated Appellee residential

---

[1] This finding was later affirmed by the trial court in an entry dated September 10, 2010.

parent of F.M.B, based, in part, on its determination that a change in circumstances had occurred related to Appellant's denial of visitation.

{¶6} Pertinent to this appeal, in finding Appellant in contempt regarding the August 2008 visitation, the magistrate also stated that it should have found Appellant in contempt with respect to the spring 2008 visitation. Additionally, in light of the testimony presented regarding Appellant's conduct during visitation exchanges with F.M.B. and another one of her children, the magistrate questioned Appellant's mental condition. On April 6, 2009, Appellant filed objections to the magistrate's decision. Appellant filed additional objections on April 7, 2009. On May 11, 2009, the trial court issued a judgment entry on modification of custody adopting the magistrate's decision, but which contained no final, appealable order language.

{¶7} On June 29, 2009, Appellant filed a supplemental memorandum to her previously filed objections to the magistrate's decision. In that memorandum, Appellant argued that there was no willful or continuous denial of visitation and that the magistrate improperly relied on the prior spring break 2008 allegation of contempt, which was resolved in her favor. Finally, on September 13, 2010, the trial court issued a decision and entry on objections filed by Appellant to the magistrate's decision on modification of

custody.  In the entry, the trial court affirmed the magistrate's decision granting Appellee's motion to modify allocation of parental rights and responsibilities and designating Appellee residential parent of F.M.B.  It is from this judgment entry that Appellant now brings her timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.    THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT AFFIRMED THE DECISION OF THE MAGISTRATE WHEN THE MAGISTRATE USED AGAINST THE APPELLANT FACTS FROM A PRIOR CONTEMPT PROCEEDING IN WHICH THE APPELLANT WAS FOUND NOT GUILTY OF CONTEMPT.

II.    THE JUVENILE COURT ABUSED ITS DISCRETION, AND ITS JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHEN IT AFFIRMED THE DECISION OF THE MAGISTRATE."

## ASSIGNMENT OF ERROR I and II

{¶8} In her first assignment of error, Appellant contends that the juvenile court erred and abused its discretion in affirming the decision of the magistrate when the magistrate relied upon facts from a prior contempt motion in which Appellant was found not guilty.  Appellant's second assignment of error alleges that the juvenile court's affirmance of the magistrate's decision was against the manifest weight of the evidence and was an abuse of discretion.  As Appellant's arguments are interrelated, we will address them in conjunction with one another.

{**¶9**} However, we initially address Appellant's suggestion, implicit in the wording of her assignments of error, that the trial court erred in adopting or affirming the decision of the magistrate. Once a party objects to a magistrate's decision in accordance with Juv.R. 40, the trial court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). "This rule, like Civ.R. 53(D)(4)(d), 'contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function.' " *McCarty v. Hayner*, Jackson App. No. 08CA8, 2009-Ohio-4540 at ¶ 17; citing, *Knauer v. Keener* (2001), 143 Ohio App.3d 789, 793, 758 N.E.2d 1234. As such, a trial court may not "merely rubber-stamp" a magistrate's decision. *McCarty* at ¶ 17; citing *Roach v. Roach*, (1992), 79 Ohio App.3d 194, 207, 607 N.E.2d 35. Accordingly, " '[t]he trial court should not adopt challenged [magistrate's] findings of fact unless the trial court fully agrees with them-that is, the trial court, in weighing the evidence itself and fully substituting its judgment for that of the [magistrate], independently reaches the same conclusion.' "

*McCarty* at ¶ 17; citing *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 233, 590 N.E.2d 886.

{¶10} In *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 5-6, 1993-Ohio-177, 615 N.E.2d 617, the Supreme Court of Ohio discussed the relationship between a referee, or in this case a magistrate, and a trial court:

" * * * Civ.R. 53 places upon the court the ultimate authority and responsibility over the referee's findings and rulings. The court must undertake an independent review of the referee's report to determine any errors. [Former] Civ.R. 53(E)(5); *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 2 OBR 653, 443 N.E.2d 161, paragraph two of the syllabus. Civ.R. 53(E)(5) allows a party to object to a referee's report, but the filing of a particular objection is not a prerequisite to a trial or appellate court's finding of error in the report. Id., paragraph one of the syllabus. The findings of fact, conclusions of law, and other rulings of a referee before and during trial are all subject to the independent review of the trial judge. Thus, a referee's oversight of an issue or issues, even an entire trial, is not a substitute for the judicial functions but only an aid to them. A trial judge who fails to undertake a thorough independent review of the referee's report violates the letter and spirit of Civ.R. 53, and we caution against the practice of adopting referee's reports as a matter of course, especially where a referee has presided over an entire trial ."

{¶11} Ordinarily, a reviewing court will presume that the trial court performed an independent analysis in reviewing the magistrate's decision. See *Hartt v. Munobe* at 7. Thus, the party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its duty of independent analysis. *Arnold v. Arnold*, Athens App. No. 04CA36, 2005-Ohio-5272, at ¶ 31; *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, at ¶ 47. Further, simply because a trial

court adopted the magistrate's decision does not mean that the court failed to exercise independent judgment. *State ex rel. Scioto County Child Support Enforcement Agency v. Adams* (July 23, 1999), Scioto App. No. 98CA2617, 1999 WL 597257. Juv.R. 40(D)(4) allows the trial court to adopt the magistrate's decision if the court fully agrees with it. Id., citing *In re Dunn* (1995), 101 Ohio App.3d 1, 8, 654 N.E.2d 1303.

{¶12} In her first assignment of error, Appellant contends that the trial court erred and abused its discretion when it affirmed the magistrate's decision, claiming that magistrate's decision relied on a prior contempt proceeding of which Appellant was found not guilty. Appellant contends that she was found not guilty of the contempt motion filed with respect to the 2008 spring break visitation but that the magistrate nevertheless relied upon the facts that formed the basis of the contempt motion in determining to reallocate parental rights.

{¶13} The trial court's September 13, 2010, decision and entry on objections filed by Appellant to the magistrate's decision on modification of custody was twenty-four pages long and included findings of fact and conclusions of law. Further, the trial court indicated that it had reviewed the 332 page transcript and had listened to parts of the recorded hearing. Pertinent on appeal, the trial court issued findings and conclusions different

from the magistrate on two key issues, one of which related to the spring

break visitation contempt motion.  Specifically with respect to that contempt

motion, the trial court stated as follows:

"The mother also caused the father not have his spring break visitation with
the child on March 20, 2008.  This failure to facilitate visitation was the
subject of a contempt hearing held in this Court on July 18, 2008.  After the
conclusion of the evidence this Magistrate declined to find the mother in
willful violation of the visitation orders since the mother did in fact attempt
to get the child to the Columbus, Ohio airport where she was to be picked up
by the Paternal grandmother and fly back to Louisiana with her.  The mother
poorly planned for the drive to Columbus and did not allow sufficient time
to get there.  She was unable to get there before the grandmother's return
flight to Louisiana had to leave.  While the mother's behavior was found not
be contemptuous, it certainly shows a lack of concern on her part in
facilitating visitation with the father.  She is intelligent enough to figure out
how much time to allow to get to the airport and to get through the security
process, especially since she drove to the same airport for an exchange the
year before."

{¶14} Thus, although the magistrate seemed to suggest in its decision

that in hindsight it should have held Appellant in contempt for the visitation

problem during spring break 2008, the trial court's affirmance of the

magistrate's decision clarifies that Appellant was not found in contempt on

that occasion.  The trial court's decision also properly noted that even

though Appellant's conduct was not willful, it demonstrated a lack of

concern in facilitating visitation.  In light of the foregoing, we do not believe

that Appellant has pointed to any circumstances present in the record to

show that the trial court failed to independently review the magistrate's

decision.  Thus, there is no indication that the trial court merely "rubber-stamped" the magistrate's decision.  Accordingly, Appellant's first assignment of error is overruled.

{¶15} We next address Appellant's second assignment of error, which essentially challenges the trial court's decision to modify the allocation of parental rights and responsibilities.   " 'Appellate courts typically review trial court decisions regarding the modification of a prior allocation of parental rights and responsibilities with the utmost deference.' " *Enz v. Lewis*, Scioto App. No. 10CA3357, 2011-Ohio-1229 at ¶ 19; see also, *Wilson v. Wilson*, Lawrence App. No. 09CA1, 2009-Ohio-4978, at ¶ 21, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159; *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. See, also, *Posey v. Posey*, Ross App. No. 07CA2968, 2008-Ohio-536, at ¶ 10; *Jones v. Jones*, Highland App. No. 06CA25, 2007-Ohio-4255, at ¶ 33. Consequently, we apply an abuse-of-discretion standard when reviewing a trial court's decision regarding the modification of parental rights and responsibilities. See *Enz* at ¶ 19; *Wilson* at ¶ 21; *Jones* at ¶ 33; *Posey* at ¶ 10.

{¶16} In *Davis*, the court defined the applicable abuse of discretion standard in custody proceedings as follows:

"Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against

the weight of the evidence by a reviewing court. 'The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. * * * The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * * A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal, especially to the extent where the appellate court relies on unchallenged, excluded evidence in order to justify its reversal. * * * This is even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.' " *Posey* at ¶ 10, quoting *Davis* at 418-19, 674 N.E.2d 1159 (other internal quotations omitted). See, also, *Wilson* at ¶ 21; *Jones* at ¶ 33.

{¶17} R.C. 3109.04(E)(1)(a), which governs the modification of a prior decree allocating parental rights, provides: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a

modification is in the best interest of the child and one of the following

applies: * * *.”

{¶18} “ ‘Only R.C. 3109.04(E)(1)(a) expressly authorizes a court to

modify a prior decree allocating parental rights and responsibilities.’ ”*Posey*

at ¶ 11, quoting *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589,

876 N.E.2d 546 at ¶ 21. “Thus, a trial court may modify an allocation of

parental rights and responsibilities only if the court finds (1) that a change in

circumstances has occurred since the last decree, (2) that modification is

necessary to serve the best interest of the child, and (3) that the advantages

of modification outweigh the potential harm.” *Jones* at ¶ 35, citing *Beaver v.*

*Beaver*, 143 Ohio App.3d 1, 9, 2001-Ohio-2399, 757 N.E.2d 41.

{¶19} In her second assignment of error, Appellant contends that the

trial court erred and abused its discretion in affirming the magistrate’s

decision and that the decision of the trial court was against the manifest

weight of the evidence.  Appellant argues that if the facts surrounding the

2008 visitation are taken out of the equation, the magistrate’s finding that

Appellant continuously and willfully denied visitation cannot be supported.

Appellant further contends that once this factor is removed, the remaining

R.C. 3109.04(F)(1) factors balance in her favor.  Appellant also contends

that the magistrate's questioning of her mental health was unfounded, as there was no evidence of any mental health problem introduced.

{¶20} In response, Appellee contends that the magistrate did not rely solely upon the facts related to the 2008 spring break visitation. For instance, Appellee points to other evidence in the record demonstrating that Appellant also caused a problem with the 2008 summer visitation, failed to facilitate telephone communication between the child and Appellee and frequently involved the police during visitation exchanges. With respect to Appellant's mental health, Appellee contends that testimony introduced regarding Appellant's bizarre behavior, false sexual abuse accusations and erratic driving incident that occurred during the visitation exchange with her other child's father, demonstrated emotional harm to the children.

{¶21} As set forth above, the trial court's September 13, 2010, decision and entry on objections filed by Appellant to the magistrate's decision on modification of custody indicated that the trial court had reviewed the 332 page transcript as well as parts of the recorded hearing. Further, as set forth above, the trial court's findings clearly acknowledged that Appellant was not found in contempt related to the 2008 spring break visitation. However, the trial court did find that although Appellant's actions were not willful, Appellee was nevertheless denied his visitation

with the child as a result Appellant's lack of concern in facilitating visitation.

{¶22} Further, as argued by Appellee, the trial court cited to other instances that demonstrated Appellant's failure to facilitate visitation with the child, which the trial court determined constituted a change in circumstances. These instances included making an allegation that F.M.B had a fever and Lyme disease apparently in an effort to disrupt Appellee's 2008 summer visitation, denying Appellant visitation in August 2008, generally creating conflicts during visitation exchanges, and continually failing to facilitate telephone communication between Appellee and F.M.B. Based upon a review of the record, the trial court's determination that a change in circumstances had occurred, due to Appellant's continued refusal to abide by the visitation order, was based upon substantial, competent and credible evidence. As such, the trial court's determination was not against the manifest weight of the evidence or an abuse of discretion.

{¶23} The trial court then performed a best interest analysis, discussing and weighing each factor under R.C. 3109.04(F)(1). Appellant contends that by taking the spring break 2008 alleged contempt out of the equation, there was no continuous and willful denial under R.C. 3109(F)(1)(i), and thus, the best interest analysis should have been resolved

in her favor.  However, in our view, the trial court properly concluded that even though Appellant's actions may not have been willful during spring break 2008, they certainly demonstrated a lack of concern in facilitating visitation.  Further, Appellant's other actions, as described above, demonstrate Appellant's unwillingness to facilitate visitation, which the trial court properly considered under R.C. 3109.04(F)(1)(f).   As such, we reject Appellant's contention that the trial court could not have determined a change in custody was in the best interest of the child in the absence of mistakenly relying on the spring break 2008 allegation of contempt.

{¶24} Appellant also contends that the trial court erroneously relied upon the magistrate's "questioning" of Appellant's mental status in affirming the magistrate's decision.  However, as we noted above, the trial court's decision differed from the magistrate's decision in two key areas. The first dealt with contempt, as discussed above.  The second key issue that the trial court differed from the magistrate on was the issue of Appellant's mental health.  Specifically, with respect to Appellant's mental health, the trial court stated as follows when weighing the R.C. 3109.04(F)(1) best interest of the child factors:

"There was no evidence of any relevant mental health disorders involving either parent.  This factor balances out."

{¶25} Thus, although the magistrate appeared to "question" Appellant's mental heath status, the trial court clearly determined that there had been no evidence of mental health disorders introduced and that this factor balanced out of the best interest analysis. As such, we find that in affirming the magistrate's decision, the trial court conducted a de novo review of the evidence, and did not rely on those particular findings of the magistrate in affirming the magistrate's ultimate decision.

{¶26} After determining that a change in circumstances had occurred and that it was in the best interest of the child to reallocate parental rights and responsibilities, the trial court further found, as required under R.C. 3109.04(E)(1)(a)(iii) that the harm likely to be caused by a change in environment was outweighed by the advantages. We conclude, after a thorough review of the record, that the trial court could have rationally concluded that F.M.B.'s best interests would be better served by designating R.B. as the residential parent. Further, as the trial court's determinations were supported by substantial, competent and credible evidence, we cannot conclude that the trial court's decision was an abuse of discretion or against the manifest weight of the evidence. Thus, Appellant's second assignment of error is overruled.

{¶27} Having overruled both of Appellant's assignments of error, we affirm the decision of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court,  Juvenile Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. and Abele, J.:   Concur in Judgment and Opinion.

For the Court,

BY:   _____
        Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**