[Cite as *In re R.J.G.*, 2012-Ohio-3802.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97427**

# IN RE: R.J.G.

[APPEAL BY FATHER]

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Juvenile Division of
Cuyahoga County Court of Common Pleas
Case No. CU-10109592

**BEFORE:** Blackmon, A.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

-i-

**ATTORNEY FOR APPELLANT**

John P. Hildebrand, Sr.
John P. Hildebrand Co., L.P.A.
21430 Lorain Road
Fairview Park, Ohio 44126

**ATTORNEY FOR APPELLEE**

Robert C. Hetterscheidt
580 South High Street, Suite 200
Columbus, Ohio 43215

**Guardian Ad Litem**

James H. Schulz, Jr.
1370 Ontario Street, Suite 1520
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant R.G.[1] ("Father") appeals the juvenile court's order adopting the magistrate's decision designating A.K. ("Mother") residential parent and legal custodian of their minor child R.J.G. Father assigns the following errors for our review:

> **I. The Trial court erred in failing to conduct an independent review of the objected matters to ascertain that the magistrate properly determined the factual issues and appropriately applied the law, as required by Juv.R. 40(D)(4)(D).**

> **II. There was insufficient evidence to support the findings of the trial court, which were inconsistent with the recommendations of the guardian ad litem and contrary to the evidence.**

{¶2} Having reviewed the record and pertinent law, we affirm the juvenile court's order. The apposite facts follow.

{¶3} R.J.G. was born on September 3, 2003, and although her biological parents were never married, paternity was established. After the birth, Father, Mother, and child moved to a house in Berea, Ohio. In 2005, the relationship between R.J.G.'s parents began to deteriorate, and Mother moved with the child to Columbus, Ohio.

{¶4} After Mother's move to Columbus, R.J.G. would spend the weekends with Father in Berea. Generally, Mother and Father would meet in Mansfield, Ohio, to

---

[1]The parties are referred to by their initials in accordance with this court's policy regarding nondisclosure of identities in juvenile cases.

exchange R.J.G. During the summers, R.J.G. would spend alternate weeks with each parent.

{¶5} In September 2008, the parties rekindled their relationship, Mother and child moved back to Berea, and the parties resumed living together. During this time, R.J.G. attended kindergarten and first grade at St. Mary's school in Berea. Eventually, around May 2010, the parties' relationship soured, and Mother returned to Columbus with R.J.G.

{¶6} On June 1, 2010, Father filed an application to determine custody; significant motion practice followed, too exhaustive to recount herein, and on May 20, 2011, a hearing was held to determine custody. Immediately preceding the hearing, the magistrate conducted an in camera examination of R.J.G., with the guardian ad litem ("GAL") present. At the hearing, R.J.G., who was almost eight years old, indicated that she would prefer to live with her Mother.

{¶7} Following the in camera hearing with R.J.G., the magistrate heard testimony from Father and Mother. The GAL also testified and presented his report. The GAL opined that it would be better for R.J.G. to live in Northeast Ohio, with Father as the primary caregiver, under a shared parenting plan. The GAL stated that R.J.G. has lived in the Cleveland area most of her life, was well adjusted in school, and had strong family support.

{¶8} Ultimately, the magistrate concluded that it was in R.J.G.'s best interest that Mother be designated residential parent and legal custodian and that Father be accorded parenting time, pursuant to a standard visitation schedule or by agreement of the parties.

The trial court subsequently adopted the magistrate's decision and issued an order designating Mother residential parent and legal custodian of R.J.G.   Father now appeals.

## Sufficiency of the Evidence and Custody Award

**{¶9}** We begin with the second assigned error, wherein Father argues there was insufficient evidence to support the juvenile court's decision to designate Mother  the residential parent and legal custodian of R.J.G.

**{¶10}** Decisions concerning the allocation of parental rights and responsibilities rest within the sound discretion of the trial court.   *In re D.J.R.*, 8th Dist. No. 96792, 2012-Ohio-698, citing  *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159.   An abuse of discretion is more than an error in law; rather it connotes that the trial court's judgment is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).   Under the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. *Id*.

**{¶11}**   As explained in *In re L.S.*, 152 Ohio App.3d 500, 2003-Ohio-2045, 788 N.E.2d 696 (8th Dist.):

> **[W]here there exists competent credible evidence to support an award of custody, there is no abuse of discretion. [*Davis v. Flickinger* (1997)], 77 Ohio St.3d at 418. This highly deferential standard of review rests on the premise that the trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their**

demeanor, gestures, and attitude. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. This is especially true in a child custody case, since there may be much that is evident in the parties' demeanor and attitude that does not translate well to the record. *Davis*, 77 Ohio St.3d at 419.

{¶12} Pursuant to R.C. 3109.04(F)(1), the court must consider:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether * * * there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other

**parent's right to parenting time in accordance with an order of the court; * * *.**

{¶13}    Applying the foregoing, we conclude that the juvenile court did not abuse its discretion in designating Mother residential parent and legal custodian of R.J.G.   In the instant case, the magistrate stated that it considered all factors of R.C. 3109.04(F)(1), that it found both Father and Mother to be suitable parents, and that it considered the recommendation of the GAL.

{¶14}    In addition, the magistrate specifically found that R.J.G., who had been living in Columbus, Ohio for approximately one year, expressed a desire to live with Mother. Based on the foregoing, we conclude the juvenile court's decision to adopt the magistrate's findings and designate Mother the residential parent and legal custodian was supported by sufficient evidence.

{¶15}    Nonetheless, Father argues the juvenile court erred by departing from the recommendation of the GAL.

{¶16}    However, a trial court is not required to follow the recommendation of a guardian ad litem. *In re P.P.*, 2d Dist. No. 19582, 2003-Ohio-1051, citing *In re Haywood*, 3d Dist. Nos. 1-99-93, 1-99-94, 1-99-95, 2000-Ohio-1740.   The function of a guardian ad litem is to consider the best interest of a child and to make a recommendation to the court, but the ultimate decision in any proceeding is made by the judge, and the trial court does not err in making an order contrary to the recommendation of the guardian ad litem. *In re P.T.P. Custody*, 2d Dist. No. 2005 CA 148, 2006-Ohio-2911, citing  *In re Howard*, 119 Ohio App.3d 201, 206, 695 N.E.2d 1 (2d Dist.1997).

{¶17} Here, after considering all the factors outlined in R.C. 3109.04(F)(1) and finding that both parents were suitable, R.J.G.'s desire to stay with her Mother evidently tipped the scales in the decision to designate Mother the residential parent and legal custodian. As such, we see no abuse of discretion in said decision.

{¶18} Father also argues that R.J.G., who had traveled with Mother from Columbus, the morning of the in camera examination, was clearly coached to indicate a desire to stay with Mother. However, the trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their demeanor, gestures, and attitude. *Seasons Coal Co., supra*. Consequently, we will defer to the trial court's judgment.

{¶19} We conclude the trial court's judgment herein is supported by competent and credible evidence. As such, we find no abuse of discretion in the trial court's decision. Accordingly, we overrule the second assigned error.

### Adoption of the Magistrate's Decision

{¶20} In the first assigned error, Father argues the trial court failed to conduct an independent review before adopting the magistrate's decision.

{¶21} Ordinarily, a reviewing court will presume that the trial court performed an independent analysis in reviewing the magistrate's decision. *Hartt v. Munobe*, 67 Ohio St.3d 3, 1993-Ohio-177, 615 N.E.2d 617. Thus, the party asserting error bears the burden

of affirmatively demonstrating the trial court's failure to perform its duty of independent analysis. *Arnold v. Arnold*, 4th Dist. No. 04CA36, 2005-Ohio-5272; *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153 (4th Dist.)

**{¶22}** Further, simply because a trial court adopted the magistrate's decision does not mean that the court failed to exercise independent judgment. *In re F.M.B.*, 4th Dist. No. 10CA28, 2011-Ohio-5368, citing *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Adams*, 4th Dist. No. 98CA2617, 1999 Lexis 3566 (July 23, 1999). Juv.R. 40(D)(4) allows the trial court to adopt the magistrate's decision if the court fully agrees with it. *Id.*, citing *In re Dunn*, 101 Ohio App.3d 1, 8, 654 N.E.2d 1303 (12th Dist.1995).

**{¶23}** In the instant case, the magistrate's decision was dated July 28, 2011. Father contends he was not notified of the magistrate's decision until late August 2011. Thus, with leave of court, Father filed his objections on September 6, 2011, but failed to provide a transcript of the hearing. Now, Father, who failed to provide the transcript, alleges the trial court failed to conduct an independent review of the magistrate's decision. We note that the party who objects to the magistrate's decision has the duty to provide a transcript to the trial court. *Weitzel v. Way*, 9th Dist. No. 21539, 2003-Ohio-6822.

**{¶24}** Upon appellate review, this court is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision where the objecting party failed to provide a transcript or affidavit to the trial court in support of its objection. *Vidalis v. Med. Mut. of Ohio, Inc.*, 9th Dist. No. 23633 2007-Ohio-4656.

**{¶25}** Here, the trial court's judgment entry adopting the magistrate's decision and overruling Father's objection was dated September 16, 2011. The trial court had Father's objections for ten days, thus, there is no reason to suspect that the trial court could not have sufficiently reviewed the magistrate's decision within those time constraints.

**{¶26}** Further, an appellate court presumes that the trial court did exactly what it said it did. *Figel v. Figel*, 3d Dist. No. 10-08-14, 2009-Ohio-1659, citing *Betz v. Timken Mercy Med. Ctr.*, 96 Ohio App.3d 211, 216, 644 N.E.2d 1058 (5th Dist.1994). The trial court sub judice clearly stated that it had conducted an independent review of the magistrate's decision. As such, and in keeping with our resolution of the second assigned error, we find no abuse of discretion in the trial court's adoption of the magistrate's decision.

**{¶27}** Nonetheless, Father maintains that the trial court could not have conducted an independent review of the magistrate's decision. However, a brief recapitulation of case history is helpful. After the trial court adopted the magistrate's decision, Father filed his notice of appeal with this court on October 17, 2011. On October 26, 2011, Father filed motions to amend the praecipe and for the court to set a record date. In the meantime, in juvenile court, Mother requested a transcript.

**{¶28}** On December 30, 2011, Father requested additional time to file his brief with this court. On January 30, 2012, on the assumption that the trial court could not have conducted any meaningful review without a transcript, Father filed a motion requesting a limited remand to the juvenile court to hold a plenary hearing regarding the magistrate's

decision. On January 30, 2012, we granted Father's motion and remanded the matter to the juvenile court. However, the record reveals that, on remand, Father failed to provide the trial court with a transcript.

{¶29} On February 6, 2012, the trial court issued a journal entry that stated in pertinent part:

> **\* \* \* The Court finds that a transcript was not provided to this court as required by Juvenile Rule 40(E)(c). The Court therefore reviewed the court file, the Magistrate's decision, the Objections, the responses to the Objections filed by Amanda Kaylor and the Guardian ad litem report. The Court finds the objections are not well taken. The Court affirms, approves, and adopts said Decision and overrules said Objections. \* \* \* The Court therefore adopts its findings and orders that were made in its entry dated and journalized on September 16, 2011.**

{¶30} Four days after the above ruling, the trial court denied Father's motion for reconsideration. Here, despite Father's argument to the contrary, and by virtue of the number of times the trial court had to revisit the magistrate's decision, we find the average person would conclude that the trial court had independently reviewed and considered all pertinent issues. As previously noted in the second assigned error, the trial court's decision is supported by competent and credible evidence. As such, we find no abuse of discretion in the trial court's adoption of the magistrate's decision. Accordingly, we overrule the first assigned error.

{¶31} Judgment affirmed.

It is ordered that appellee recover from appellant her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR